IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SOUND VIEW INNOVATIONS, LLC, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 19-660-CFC-CJB |
| WALMART INC. and VUDU, INC., | ) | |
| Defendants. | ) | |
| SOUND VIEW INNOVATIONS, LLC, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 19-964-CFC-CJB |
| CIGNA CORP. and CIGNA HEALTH AND LIFE INSURANCE CO., | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Pending before the Court in these patent infringement cases are Defendants Walmart Inc., Vudu, Inc. (collectively, the "Walmart Defendants"), Cigna Corp. and Cigna Health and Life Insurance Company's (collectively, the "Cigna Defendants" and together with the Walmart Defendants, "Defendants") motions to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) (the "Motions"). (Civil Action No. 19-660-CFC-CJB (the "Walmart Action"), D.I. 10; Civil Action No. 19-964-CFC-CJB (the "Cigna Action"), D.I. 12) In their Motions, Defendants argue for dismissal on the grounds that: (1) certain patents asserted by Plaintiff Sound View Innovations, LLC ("Sound View" or "Plaintiff") are directed to patent-ineligible subject matter pursuant to 35 U.S.C. § 101 ("Section 101"); and that (2) Sound View is collaterally estopped from asserting certain other patents in these litigations.[1] This Report and

---

[1] These cases have been referred to the Court to hear and resolve all pretrial matters, up to and including expert discovery. (Civil Action No. 19-660-CFC-CJB, Docket Item,

Recommendation will address the Motions as they relate to the issue of collateral estoppel only.[2] For the reasons that follow, the Court recommends that, as to that issue, the Motions be DENIED.

## I. BACKGROUND[3]

In the Walmart Action, Sound View asserts five patents against the Walmart Defendants, including United States Patent No. 5,806,062 (the "'062 patent"). (Civil Action No. 19-660-CFC-CJB, D.I. 1 at ¶ 3) In the Cigna Action, Sound View asserts five patents against the Cigna Defendants, including the '062 patent and United States Patent No. 6,125,371 (the "'371 patent"). (Civil Action No. 19-964-CFC-CJB, D.I. 1 at ¶ 3)

The claims from the '062 and '371 patents that Sound View specifically asserted in its complaints in these actions have previously been found invalid in other proceedings. Specifically, Sound View asserts claim 14 of the '062 patent against both sets of Defendants.

---

April 22, 2019; Civil Action No. 19-964-CFC-CJB, Docket Item, June 5, 2019) The Walmart Defendants' Motion was fully briefed by July 22, 2019, (Civil Action No. 19-660-CFC-CJB, D.I. 20), and the Cigna Defendants' Motion was fully briefed by August 23, 2019, (Civil Action No. 19-964-CFC-CJB, D.I. 18). The Court heard argument on the Motions on December 17, 2019. (Civil Action No. 19-660-CFC-CJB, D.I. 60; Civil Action No. 19-964-CFC-CJB, D.I. 63 (hereinafter, "Tr.")) The Court also heard argument regarding a motion to dismiss in related case: *Sound View Innovations, LLC v. Delta Air Lines, Inc.*, Civil Action No. 19-659-CFC-CJB, in which Defendant Delta Air Lines, Inc. ("Delta") argues that the patents asserted against it are directed to patent-ineligible subject matter pursuant to 35 U.S.C. § 101. (Civil Action No. 19-659-CFC-CJB, D.I. 9) Delta's motion does not raise the issue of collateral estoppel as grounds for dismissal, and the Court therefore does not consider Delta's motion in this Report and Recommendation.

[2] The Court will address Defendants' arguments relating to Section 101 in a subsequent Report and Recommendation.

[3] The Court here writes primarily for the parties, who are well familiar with the issues in these cases and who, in light of some recent related discovery disputes, desire a prompt resolution on the collateral estoppel issue. (*See, e.g.*, Civil Action No. 19-964-CFC-CJB, D.I. 59)

2

(Civil Action No. 19-660-CFC-CJB, D.I. 1 at ¶ 85; Civil Action No. 19-964-CFC-CJB, D.I. 1 at ¶ 125) On April 30, 2019, the Honorable John A. Kronstadt of the United States District Court for the Central District of California issued an order in *Sound View Innovations, LLC v. Hulu, LLC*, Civil Action No. 17-4146 JAK (PLAx) granting Hulu, LLC's "Motion for Partial Summary Judgment of Invalidity and Noninfringement of" the '062 patent, in which the *Hulu* Court held that claim 14 of the '062 patent is patent-ineligible under Section 101 (the "*Hulu* Order"). (Civil Action No. 19-660-CFC-CJB, D.I. 11, ex. A at 4-12) Sound View also asserts claim 8 of the '371 patent against the Cigna Defendants. (Civil Action No. 19-964-CFC-CJB, D.I. 1 at ¶ 142) In a trio of decisions issued on April 9, 2019, the United States Patent and Trademark Office's Patent Trial and Appeal Board ("PTAB") found by a preponderance of the evidence that claims 1-3 and 8-10 of the '371 patent are unpatentable under 35 U.S.C. § 103 in connection with *inter partes review* proceedings (the "PTAB Decisions"). (Civil Action No. 19-964-CFC-CJB, D.I. 13, exs. B-D)

In their Motions, Defendants argue that, in light of the *Hulu* Order and the PTAB Decisions, Sound View is collaterally estopped from asserting these invalidated claims against them in these actions. (Civil Action No. 19-660-CFC-CJB, D.I. 11 at 3-5; D.I. 20 at 1-3; Civil Action No. 19-964-CFC-CJB, D.I. 13 at 3-6; D.I. 18 at 1-3) Because collateral estoppel applies, Defendants assert that dismissal of the claims as to these patents is warranted, as Sound View fails to "'state a claim to relief that is plausible on its face'" with respect to these claims. (*See* Civil Action No. 19-964-CFC-CJB, D.I. 13 at 6) Sound View, for its part, argues that collateral estoppel does not bar Sound View's claims of infringement with respect to the '062 and '371 patents, and that the cases as to these patents should instead be stayed pending appeals of the

*Hulu* Order and PTAB Decisions. (Civil Action No. 19-660-CFC-CJB, D.I. 18 at 2-5; Civil Action No. 19-964-CFC-CJB, D.I. 17 at 1-4)

## II. STANDARD OF REVIEW

### A. Motion to Dismiss Under Rule 12(b)(6)

The standard of review here is the familiar two-part analysis applicable to motions made pursuant to Rule 12(b)(6). First, the court separates the factual and legal elements of a claim, accepting "all of the complaint's well-pleaded facts as true, but [disregarding] any legal conclusions." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). Second, the court determines "whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). In assessing the plausibility of a claim, the court must "'construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" *Id.* at 210 (quoting *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)).

### B. Collateral Estoppel

The doctrine of collateral estoppel (also known as issue preclusion) precludes a party from relitigating an issue that has previously been decided in another judicial proceeding. *Anderson v. Gen. Motors LLC*, Civ. No. 18-621-LPS, 2019 WL 4393177, at *4 (D. Del. Sept. 13, 2019). Under the law of the United States Court of Appeals for the Third Circuit, collateral estoppel applies if: (1) the identical issue was previously adjudicated; (2) the issue was actually litigated; (3) the previous determination of the issue was necessary to the decision; and (4) the party being precluded from relitigating the issue was fully represented in the prior action. *Stone v. Johnson*, 608 F. App'x 126, 127 (3d Cir. 2015); *Jean Alexander Cosmetics, Inc. v. L'Oreal*

4

*USA, Inc.*, 458 F.3d 244, 249 (3d Cir. 2006).[4] The Third Circuit also considers whether the party being precluded had a full and fair opportunity to litigate the issue in question in the prior action, and whether the issue was determined by a final and valid judgment. *Free Speech Coal., Inc. v. Attorney Gen. of U.S.*, 677 F.3d 519, 541 (3d Cir. 2012); *Jean Alexander*, 458 F.3d at 249.

## III. DISCUSSION

In the parties' briefing, the only element of collateral estoppel in dispute here is whether the *Hulu* Order and PTAB Decisions constitute final judgments. Therefore, the Court's analysis focuses on this issue.

There is no bright-line rule regarding what constitutes a "final judgment" for issue preclusion purposes. *Free Speech Coal.*, 677 F.3d at 541. However, "a prior adjudication of an issue in another action must be sufficiently firm to be accorded conclusive effect." *Id.* (internal quotation marks and citation omitted). "[F]inality for purposes of issue preclusion is a more pliant concept than it would be in other contexts, and [it] may mean little more than that the litigation of a particular issue has reached such a stage that a court sees no really good reason for permitting it to be litigated again." *Id.* (internal quotation marks and citation omitted). To determine whether a prior ruling was "sufficiently firm" for preclusion purposes, courts should consider factors including, but not limited to, the following: (1) whether the parties were fully heard; (2) whether a reasoned opinion was filed; and (3) whether that decision could have been, or actually was, appealed. *Id.* None of these factors alone are dispositive. *Id.*

---

[4] The law of the regional circuit applies to the issue of collateral estoppel. *See, e.g., Allergan, Inc. v. Sandoz, Inc.*, 681 F. App'x 955, 959 (Fed. Cir. 2017); *Ho Keung Tse v. Apple Inc.*, 635 F. App'x 864, 866 (Fed. Cir. 2015).

In light of the particular circumstances at play here, for the following three reasons, the Court recommends that: (1) Defendants' Motions be denied; and (2) the cases be stayed (not dismissed) as to the '062 and '371 patents.

First, the Court notes that the Third Circuit's decision in *Free Speech Coal., Inc. v. Attorney Gen. of U.S.*, 677 F.3d 519 (3d Cir. 2012) provides some support to Plaintiff's position. In that case, the plaintiffs had brought an action against the government in the United States District Court for the District of Colorado (the "District of Colorado") challenging the constitutionality of 18 U.S.C. § 2257 (a criminal law imposing recordkeeping, labeling, and inspection requirements on producers of sexually explicit depictions). 677 F.3d at 524, 540. The District of Colorado granted partial summary judgment for the government. *Id.* at 540. The plaintiffs then moved to alter or amend ("motion to amend") that decision pursuant to Federal Rule of Civil Procedure 59, asserting that the facts of the case had drastically changed since briefing on the summary judgment motion. *Id.* at 540-41. While the plaintiffs' motion to amend was pending, plaintiffs moved for dismissal of the case without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2). *Id.* at 541. The motion for dismissal was unopposed, and the District of Colorado granted the motion and dismissed the complaint without prejudice. *Id.* A group of plaintiffs including certain of the same plaintiffs ("FSC and Conners") thereafter filed an action challenging Section 2257 in the United States District Court for the Eastern District of Pennsylvania (the "Eastern District of Pennsylvania"). *Id.* at 525, 529. The government moved to dismiss, arguing that, *inter alia*, FSC and Conners were barred by issue preclusion from challenging the constitutionality of Section 2257. *Id.* The district court granted the motion. *Id.* at 525, 529, 541.

The Third Circuit disagreed. While it found the circumstances to present a "close call[,]"

the *Free Speech* Court ultimately determined that the District of Colorado's grant of the partial motion for summary judgment was not "sufficiently firm" to be afforded preclusive effect. *Id.* at 541. It reached this conclusion because: (1) subsequent to the District of Colorado's grant of partial summary judgment, FSC and Conners remained as parties in that action and continued to maintain certain challenges to the statute at issue; (2) a final judgment had never been issued in that case with respect to all claims brought by FSC and Conners, such that the District of Colorado's order granting partial summary judgment was never appealable; (3) at the time that the District of Colorado ultimately dismissed the case, the motion to amend the order in question was still pending before the district court; and (4) there was no indication that FSC or Conners were forum shopping or otherwise committing an abuse of process by bringing the instant claims in the Eastern District of Pennsylvania. *Id.* *Free Speech* is not on all fours with the facts of this case, as (for example) Sound View did not file a motion to amend (or a similar motion asking the factfinder to reconsider its decision) with regard to the *Hulu* Order, nor with regard to the PTAB's decisions. But at a minimum, *Free Speech* suggests that if the relevant decision in another court may be appealable in the future or has not yet been resolved on appeal, and if (as here) there is no indication that the plaintiff is bringing the additional case in bad faith, then the equities *could* ultimately weigh in favor of non-dismissal of the similar claim in a later case. (*See* Tr. at 134-35)[5]

---

[5] Defendants rely, *inter alia*, on *Intellectual Ventures I, LLC v. Capital One Fin. Corp.*, 850 F.3d 1332 (Fed. Cir. 2017) in support of their position. (Civil Action No. 19-660-CFC-CJB, D.I. 11 at 5; Civil Action No. 19-964-CFC-CJB, D.I. 13 at 6) In that case, the United States Court of Appeals for the Federal Circuit affirmed a decision of the United States District Court of the District of Maryland, which had barred the plaintiff from pursuing infringement claims of a patent that had been found invalid under Section 101 by the United States District Court for the Southern District of New York. 850 F.3d at 1334-35. However, in rendering its decision, the Federal Circuit repeatedly noted that it was applying Fourth Circuit law to the

Second, under the circumstances here, the Court cannot be blind to the real-world impact for Sound View were the Motions to be granted. The '371 patent is expired, and appears to have expired in 2017. (Civil Action No. 19-964, D.I. 1, ex. E at 1; Tr. at 128) The '062 patent expired in 2015. (Civil Action No. 19-964, D.I. 1, ex. D at 1; Tr. at 128, 139) If the Court found that Sound View was collaterally estopped from asserting these patents here and granted dismissal, but then the *Hulu* Order and/or PTAB Decisions were later overturned on appeal, the result could be that Sound View would be left without the ability to collect much or any damages with respect to infringement of the '062 and '371 patents, were Sound View to later wish to file new cases as to those patents. (*See* Tr. at 138-41) In contrast, staying these actions as to these patents would maintain "the status quo for Sound View's damages claim under 35 U.S.C. § 286[.]" (Civil Action No. 19-964-CFC-CJB, D.I. 17 at 3-4); *see also, e.g., Buck v. Palmer*, Case No. A-08-CA-572-SS, 2009 WL 10674187, at *2 (W.D. Tex. Mar. 9, 2009) (concluding that a stay of the litigation was the equitable remedy because it would maintain the status quo for the parties, and where the defendant's ideal remedy would be to apply collateral estoppel, but that solution could force plaintiffs to forego damages because they would be forced to re-file on a later date).

Third, the Court notes that with regard to the '062 patent, the *Hulu* Order involves an analysis under Section 101, which is a particularly complex, ever-evolving area of patent law.[6]

---

collateral estoppel inquiry and that the Fourth Circuit's law on this issue seemed particularly favorable to the movant's position. *Id.* at 1337 (citing *Swentek v. USAIR, Inc.*, 830 F.2d 552 (4th Cir. 1987)). Here, the Third Circuit's case law, particularly with regard to the *Free Speech* decision, seems a bit more friendly to the non-movant than did the Fourth Circuit's case law discussed in *Intellectual Ventures I.*

[6] *See, e.g., Interval Licensing LLC v. AOL, Inc.*, 896 F.3d 1335, 1354-55 (Fed. Cir. 2018) (Plager, J., concurring-in-part and dissenting-in-part) ("There is little consensus among trial judges (or appellate judges for that matter) regarding whether a particular case will prove to have a patent with claims directed to an abstract idea, and if so whether there is an 'inventive

8

New guidance is regularly provided by the United States Court of Appeals for the Federal Circuit. *See, e.g., Cellspin Soft, Inc. v. Fitbit, Inc.*, 927 F.3d 1306, 1319 (Fed. Cir. 2019) (clarifying that issued patents are presumed patent eligible); *Berkheimer v. HP Inc.*, 881 F.3d 1360, 1370 (Fed. Cir. 2018) (clarifying that whether claims to computer technology perform well-understood, routine and conventional activities to a skilled artisan may implicate fact questions that preclude a finding of patent ineligibility as a matter of law). The *Hulu* Order is a detailed—and no doubt thorough—decision as to the patent eligibility of claim 14 of the '062 patent. (Civil Action No. 19-660-CFC-CJB, D.I. 11, ex. A) Yet in light of the unsettled state of the law with respect to Section 101, appellate reversal is certainly possible (and presumably more likely as to a Section 101 issue as compared to an issue relating to other, less-constantly-evolving areas of patent law). In that respect, the Court cannot say that the *Hulu* Order is "sufficiently firm" such that it should be accorded preclusive effect.

## IV. CONCLUSION

For the foregoing reasons, the Court recommends that Defendants' Motions be DENIED. Further, the Court orders that: (1) the Walmart Action and Cigna Action be STAYED with respect to the '062 patent, pending the resolution of the appellate process as to the *Hulu* Order (or absent further order of the Court); and (2) the Cigna Action be STAYED with respect to the '371

---

concept' in the patent to save it."); *United Cannabis Corp. v. Pure Hemp Collective Inc.*, Civil Action No. 18-cv-1922-WJM-NYW, 2019 WL 1651846, at *5 (D. Colo. Apr. 17, 2019) ("[T]he proper application of the Supreme Court's *Alice* standard is an evolving and sometimes hazy area of law."); *Location Based Servs., LLC v. Niantic, Inc.*, Case No. 17-cv-04413 NC, 2018 WL 7569160, at *2 (N.D. Cal. Feb. 16, 2018) ("The law under [Section] 101 is developing and quickly changing, and the question of whether a patent is directed at an abstract idea or whether it discloses an innovative concept is not easy to answer."); *YYZ, LLC v. Pegasystems, Inc.*, Civ. No. 13-581-SLR, 2016 WL 1761955, at *1 (D. Del. May 2, 2016) ("[T]he [Section] 101 analysis is an evolving state of the law and a difficult exercise[.]").

patent pending resolution of the appeal of the PTAB Decisions at the Federal Circuit (or absent further order of the Court).[7]

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1. The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. Fed. R. Civ. P. 72(b)(2). The failure of a party to object to legal conclusions may result in the loss of the right to de novo review in the district court. *See Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987); *Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006).

The parties are directed to the Court's Standing Order for Objections Filed Under Fed. R. Civ. P. 72, dated October 9, 2013, a copy of which is available on the District Court's website, located at http://www.ded.uscourts.gov.

Dated: December 23, 2019

_____
Christopher J. Burke
UNITED STATES MAGISTRATE JUDGE

---

[7] With the exception that by no later than 14 days from today's date, Sound View shall send Defendants a letter indicating, as to the '062 and '371 patents, which claims of those patents Sound View is reserving the right to assert in these cases if the stay as to those patents is lifted in the future. (*See* Tr. at 148)