IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| SOUND VIEW INNOVATIONS, LLC, | |
| Plaintiff, | Civil Action No. 19-660-CFC-CJB |
| v. | |
| WALMART INC. AND VUDU, INC., | |
| Defendants. | |

**DEFENDANTS' OPENING BRIEF
IN SUPPORT OF THEIR MOTION TO STAY PENDING *INTER PARTES* REVIEW**

OF COUNSEL:

Michael Rhodes
Heidi L. Keefe
COOLEY LLP
3175 Hanover Street
Palo Alto, CA   94304-1130
(650) 843-5001

Phillip E. Morton
Emily E. Terrell
COOLEY LLP
1299 Pennsylvania Avenue, NW
Suite 700
Washington, DC   20004-2400
(202) 728-7055

Dustin Knight
COOLEY LLP
Reston Town Center
11951 Freedom Drive, 14th Floor
Reston, VA   20190-5640
(703) 456-8024

May 6, 2020

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Karen Jacobs (#2881)
Lucinda C. Cucuzzella (#3491)
1201 North Market Street
P.O. Box 1347
Wilmington, DE   19899
(302) 658-9200
jblumenfeld@mnat.com
kjacobs@mnat.com
ccucuzzella@mnat.com

*Attorneys for Defendants Walmart Inc.
and Vudu, Inc.*

## TABLE OF CONTENTS

Page

I. NATURE AND STAGE OF THE PROCEEDINGS AND SUMMARY OF ARGUMENT ................................................................................................ 1

II. STATEMENT OF FACTS ................................................................................... 3

    A. Sound View Waited Years Before Suing Defendants ............................ 3

    B. The Parties are Not Competitors and Sound View Has Not Sought Any Injunctive Relief ....................................................................................... 3

    C. Defendants Diligently Filed IPR Petitions on All Asserted Claims ....... 3

    C. Significant Fact Discovery in this Multi-Patent Case Remains ............. 4

    D. Substantial Additional Merits Work Lies Ahead .................................... 4

III. ARGUMENT ........................................................................................................ 5

    A. Legal Standard ......................................................................................... 5

    B. A Stay Pending IPR Would Simplify Triable Issues in this Case ......... 6

    C. The Stage of the Case Favors a Stay ....................................................... 8

    D. Sound View Would Suffer No Undue Prejudice or Clear Tactical Disadvantage from a Stay ........................................................................ 9

        1. Relationship of the Parties ......................................................... 10

        2. Timing of IPR Request ............................................................... 10

        3. Timing of Request for Stay ........................................................ 11

V. CONCLUSION ................................................................................................... 11

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Advanced Microscopy Inc. v. Carl Zeiss Microscopy, LLC*,
   No. CV 15-516-LPS-CJB, 2016 WL 558615 (D. Del. Feb. 11, 2016) ................................... 11

*Apple Inc. v. Fintiv, Inc.*,
   IPR2020-00019, Paper No. 11 (P.T.A.B. March 20, 2020) (designated
   precedential on May 5, 2020) ......................................................................................... 2

*Boston Sci. Corp. v. Cordis Corp.*,
   777 F. Supp.2d 783 (D. Del. 2011) ................................................................................. 9

*British Telecomms. PLC v. IAC/InterActiveCorp*,
   No. CV 18-366-WCB, 2019 WL 4740156 (D. Del. Sept. 27, 2019) ................................... 5

*CallWave Commc'ns, LLC v. AT&T Mobility LLC*,
   No. CV 12-1701-RGA, 2015 WL 1284203 (D. Del. Mar. 18, 2015) ................................... 9

*Canatelo LLC v. Axis Commc'ns AB*,
   No. CV 13-1227-GMS, 2014 WL 12774920 (D. Del. May 14, 2014) ............................. 5, 9

*CG Tech. Dev., LLC v. William Hill U.S. Holdco, Inc.*,
   No. 18-CV-533-RGA, 2019 WL 4098002 (D. Del. Aug. 29, 2019) ................................. 5, 8

*Huvepharma Food v. Associated British Foods*, *LLC*,
   2019 WL 3802472 (D. Del. Aug. 13, 2019) ................................................................... 10

*IOEngine, LLC v. PayPal Holdings, Inc.*,
   2019 WL 3943058 (D. Del. Aug. 21, 2019) ............................................................. 7, 8, 9

*MCM Portfolio v. Hewlett-Packard*,
   812 F.3d 1284 (Fed. Cir. 2015) ........................................................................................ 8

*McRo, Inc. v. Bethesda Softworks LLC*,
   No. CV 12-1509-LPS-CJB, 2014 WL 1711028 (D. Del. May 1, 2014) ............................. 11

*Murata Mach. USA v. Daifuku*,
   830 F.3d 1357 (Fed. Cir. 2016) .................................................................................. 8, 9

*Neste Oil OYJ v. Dynamic Fuels, LLC*,
   No. CV 12-1744-GMS, 2013 WL 3353984 (D. Del. July 2, 2013) ................................. 5, 7

*NuVasive, Inc. v. Neurovision Med. Prods., Inc.*,
   No. CV 15-286-LPS-CJB, 2015 WL 3918866 (D. Del. June 23, 2015) ............................. 11

## TABLE OF AUTHORITIES
(continued)

**Page(s)**

*Order*, *Uniloc 2017 LLC v. Vudu, Inc.*,
  Civ. No. 19-183-CFC (D. Del. Mar. 26, 2020)..........................................................................10

*Princeton Digital Image Corp. v. Konami Digital Entm't Inc.*,
  No. CV 12-1461-LPS-CJB, 2014 WL 3819458 (D. Del. Jan. 15, 2014) ........................5, 9, 10

*SAS Inst. v. Iancu*,
  138 S. Ct. 1348 (2018).................................................................................................................7, 8

*SunPower Corp. v. PowerClaw, Inc.*,
  No. CV 12-1633-GMS, 2014 WL 12774919 (D. Del. May 16, 2014)..................................5, 7

*VirtualAgility v. Salesforce.com*,
  759 F.3d 1307 (Fed. Cir. 2014).........................................................................................................6

**Other Authorities**

37 C.F.R. § 42.100(b) ........................................................................................................................10

Fed. R. Civ. P. Rule 30(b)(6) ...................................................................................................1, 4, 8

I.   **NATURE AND STAGE OF THE PROCEEDINGS AND SUMMARY OF ARGUMENT**

Defendants Walmart Inc. and Vudu, Inc. (collectively, "Defendants") have filed petitions for *inter partes* review ("IPR") with the Patent Office against all asserted claims across all patents asserted by Plaintiff Sound View Innovations, LLC ("Sound View").[1] Defendants respectfully request the Court stay this litigation pending institution and final resolution of these IPR petitions by the Patent Office because (1) the Patent Office will likely institute IPR on the patents-in-suit, and the results of the IPR proceedings will simplify issues in this case; (2) the costliest and most burdensome work in this case remains to be done; and (3) Sound View, a non-practicing patent assertion entity, would suffer no undue prejudice or tactical disadvantage from a modest delay in the litigation.

Granting a stay is likely to substantially simplify the issues in this case. The IPR petitions present compelling prior art grounds not previously presented to the Patent Office and could fully dispose of this litigation. Even if the IPR petitions do not fully dispose of this litigation, they could remove patents or claims from the case and otherwise substantially reduce the issues for trial. If anything remains, the result of the IPR proceedings would narrow the issues the Court would need to address.

Most of the work in this case remains to be done. The Court has yet to issue a claim construction ruling, and some of the costliest and most burdensome work lies ahead – including, depositions of individual and Rule 30(b)(6) fact witnesses, and email production expert discovery, summary judgment and trial.

Sound View would suffer no undue prejudice or tactical disadvantage from a stay. Sound

---

[1] U.S. Patent Nos. 6,502,133 (the "'133 patent"); 6,708,213 (the "'213 patent"); 6,725,456 (the "'456 patent"); and 7,426,715 (the "'715 patent"). Sound View originally asserted U.S. Patent No. 5,806,062 (the "'062 patent") against Defendants but has since sought a stay of proceedings related to the '062 patent (D.I. 18) that the Court granted (D.I. 62 & 70).

View is a non-practicing patent assertion entity that does not make or sell any products or otherwise compete with Defendants. Moreover, nearly all of the asserted patents are expired. Thus, it faces no prospect of unfair harm from a modest delay in the litigation.

Defendants' primary reason for moving for a stay now is to preserve the resources of the Court and all parties when the IPR proceedings may entirely resolve or substantially reduce the scope of this case. In addition, recent decisions from the Patent Trial and Appeal Board (PTAB) consider whether the petitioner (here, Defendants) has sought a stay at the district court and whether the court has entered or may enter a stay as a factor when deciding whether to institute IPRs:

> A district court stay of the litigation pending resolution of the PTAB trial allays concerns about inefficiency and duplication of efforts. This fact has strongly weighed against exercising the authority to deny institution under *NHK*. In some cases, there is no stay, but the district court has denied a motion for stay without prejudice and indicated to the parties that it will consider a renewed motion or reconsider a motion to stay if a PTAB trial is instituted. Such guidance from the district court, if made of record, suggests the district court may be willing to avoid duplicative efforts and await the PTAB's final resolution of the patentability issues raised in the petition before proceeding with the parallel litigation.

*See, e.g., Apple Inc. v. Fintiv, Inc.*, IPR2020-00019, Paper No. 11 at 6-7 (P.T.A.B. March 20, 2020) (designated precedential on May 5, 2020) (footnotes omitted) (Ex. 1).

Defendants respectfully request that the Court stay this multi-patent, multi-product case until final resolution, including appeals, of the IPR petitions by the Patent Office. The IPR petitions were filed in April 2020 and Defendants expect to receive all institution decisions by approximately October 2020. Defendants thus filed this motion at their earliest opportunity once the petitions were filed.

Defendants have conferred with the Delta and Cigna defendants in the related cases 19-cv-00659 and 19-cv-00964 and they do not oppose this motion. Defendants have also conferred

with Sound View and it opposes this motion.

## II. STATEMENT OF FACTS

### A. Sound View Waited Years Before Suing Defendants

The asserted patents issued long before Sound View filed the Complaint in April 2019 and are either expired or near the end of term.[2] Sound View acquired its interests in the patents-in-suit from Alcatel Lucent in late 2013. (Ex. 2.) Sound View did not file this action against Defendants in April 2019 because it acquired any new patents, or because Defendants used any new products, or because of any other recent event. Indeed, by the time Sound View filed this action, information about the Accused Products – almost entirely software provided to Defendants by third parties – had been publicly available to Sound View for many years.

### B. The Parties are Not Competitors and Sound View Has Not Sought Any Injunctive Relief

This is not a competitor case, and Sound View does not even seek injunctive relief. Sound View also has offered no evidence that it practices any of the patents-in-suit. To the contrary, Sound View is a well-known and well-financed non-practicing patent assertion entity that has filed a total of sixteen cases in this Court and other district courts across the country over the past four years.

### C. Defendants Diligently Filed IPR Petitions on All Asserted Claims

After receiving Sound View's amended initial identification of asserted patents and amended infringement contentions on November 5, 2019, Defendants diligently filed *inter partes* review petitions on the patents-in-suit challenging all remaining asserted claims:

---

[2]    Three of the patents-in-suit are expired as of 2019: the '133 patent (filed March 25, 1999); '213 patent (provisional filed December 6, 1999); and '456 patent (filed November 29, 1999).

| Date Filed | IPR Review # | Patent & Challenged Claims |
|---|---|---|
| 11/5/2019 – Sound View's Amended Initial Identification and Infringement Contentions |||
| 4/9/2020 | IPR2020-00814 | '133 claims 1, 12, 13, 21 (Ex. 3, at 4.) |
| 4/9/2020 | IPR2020-00816 | '715 claim 19 (Ex. 4, at 3.) |
| 4/10/2020 | IPR2020-00817 | '213 claims 1, 7, 8, 9, 16 (Ex. 5, at 4.) |
| 4/10/2020 | IPR2020-00818 | '456 claim 13 (Ex. 6, at 3.) |

Based on the filing dates, all institution decisions should be received by approximately October 2020, and, if instituted, all final written decisions should issue by approximately October 2021.

### C. Significant Fact Discovery in this Multi-Patent Case Remains

Fact discovery is scheduled to close on October 13, 2020 (D.I. 28) and significant work between the parties remains. For example:

- No named inventors of the patents-in-suit have been deposed;

- No fact witnesses have been deposed;

- No Rule 30(b)(6) depositions have occurred;

- The parties have yet to requests emails or begin email review and production; and

- Sound View has not revealed the amount or form of damages sought in this case, or the basis for any relief it seeks in this case.

### D. Substantial Additional Merits Work Lies Ahead

A claim construction hearing occurred on April 22, 2020 (D.I. 116) and the Court has yet to issue a claim construction order. No summary judgment, expert report, *Daubert*, motion *in limine*, or other pre-trial or post-trial filing has been developed or submitted by the parties. The first trial date in the related actions is not scheduled to take place until September 20, 2021.

## III. ARGUMENT

### A. Legal Standard

A stay of litigation pending *inter partes* review is well within the Court's discretion as part of its authority to manage its docket. *E.g., Neste Oil OYJ v. Dynamic Fuels, LLC*, No. CV 12-1744-GMS, 2013 WL 3353984, at *1 (D. Del. July 2, 2013). This Court grants motions to stay under circumstances similar to those present here. *See, e.g., id.*, at *5 (granting pre-institution stay); *Princeton Digital Image Corp. v. Konami Digital Entm't Inc.*, No. CV 12-1461-LPS-CJB, 2014 WL 3819458, at *6 (D. Del. Jan. 15, 2014) (same); *SunPower Corp. v. PowerClaw, Inc.*, No. CV 12-1633-GMS, 2014 WL 12774919, at *3 (D. Del. May 16, 2014) (same); *Canatelo LLC v. Axis Commc'ns AB*, No. CV 13-1227-GMS, 2014 WL 12774920, at *1-2 (D. Del. May 14, 2014) (same).

The Court considers three factors when deciding whether to stay a case pending IPR: "(1) whether granting a stay will simply the issues for trial; (2) whether discovery is complete and a trial date is set; and (3) whether granting a stay would cause the non-moving party to suffer undue prejudice from any delay, or a clear tactical disadvantage." *CG Tech. Dev., LLC v. William Hill U.S. Holdco, Inc.*, No. 18-CV-533-RGA, 2019 WL 4098002, at *1 (D. Del. Aug. 29, 2019). Courts will also consider a "fourth factor," which includes an inquiry into whether the granting of a stay will reduce the burden of litigation on the parties and the court. *British Telecomms. PLC v. IAC/InterActiveCorp*, No. CV 18-366-WCB, 2019 WL 4740156, at *2 (D. Del. Sept. 27, 2019). This "burden of litigation" factor is generally considered as part of the "simplifying the issues" factor. *Id.* at *3. Each of these factors weighs in favor of a stay in this case.

### B. A Stay Pending IPR Would Simplify Triable Issues in this Case

A stay pending IPR would simplify the triable issues before the Court, avoid parallel proceedings, and conserve scarce judicial resources. Defendants' IPR petitions challenge all the asserted claims (and certain unasserted claims) of each of the patents-in-suit. These IPR petitions will likely result in cancellation of some or all the challenged claims, thereby simplifying infringement and invalidity issues for the parties and the Court.

The "ultimate simplification of issues" is complete disposition of the case. *VirtualAgility v. Salesforce.com*, 759 F.3d 1307, 1314 (Fed. Cir. 2014) (citation omitted). Here, there is a real likelihood of complete disposition through IPR. For example, in IPR2020-00817 Defendants challenged the asserted claims of the '213 patent on multiple grounds based on Subhabrata Sen, et al., "Proxy Prefix Caching for Multimedia Streams," *Proceedings of IEEE Infocom '99* (Mar. 21-25, 1999) ("Sen") as its primary reference. (Ex. 5, at 4.) Like the '213 patent, Sen recognized that existing caching systems for texts and images did not adequately support streaming multimedia such as video, because such objects are too large to be cached in their entirety. (*Id.*, at 12.) To address this problem, Sen teaches a "prefix caching" technique that was later credited by the '213 inventors in their U.S. Provisional App. No. 60/169,086, which preceded the filing of the '213 patent. (*Id.*) Sen discloses that its proxy caching model supports two additional techniques, further described in the secondary references raised in the IPR2020-00817 grounds: "interval caching" and that "the server could lower transmission rates" to avoid "playback delay." (*Id.*, at 12-13; *see also, e.g., id.*, at 26-37; 42-46.) These additional techniques correspond to those described and claimed in the '213 patent. Given their recognition of similar problems and proposed solutions, Sen is strong evidence of the obviousness of the '213 patent claims. Moreover, Sen was neither cited nor considered during prosecution of the '213 patent.

Beyond the strength of Defendants' IPR petitions, the general institution rate is high: as of February 2020, the PTAB's all-time institution rate for petitions related to "Electrical/Computer" technology patents was 66%. (*See* Ex. 7, Trial Statistics IPR, PGR, CBM, United States Patent and Trademark Office, at 7.) Across all instituted IPRs that received a final written decision, at least one claim has been found unpatentable in 80% of trials, and in 62% of trials all claims were found unpatentable. (*Id.* at 11.)

In short, Defendants' IPRs will likely result in disposal of some or all asserted claims. Regardless of the outcome, the Court will benefit from the Patent Office's expertise in this matter. *SunPower Corp.*, 2014 WL12774919, at *2; *Neste Oil OYJ*, 2013 WL 335984, at *4. If all asserted claims are found unpatentable, then this case would be dismissed. *Neste Oil OYJ*, 2013 WL 335984, at * 4. But the parties' and Court's efforts will be streamlined even if a subset of the asserted claims survive. The intrinsic record developed during the IPRs will inform issues pertinent to this litigation, "reducing the complexity and length of the litigation." *Id.*; *IOEngine, LLC v. PayPal Holdings, Inc.*, 2019 WL 3943058, at *10 (D. Del. Aug. 21, 2019). Sound View's statements – including pre-institution statements – become part of the patent-in-suit prosecution histories and may affect claim construction, noninfringement, and invalidity issues. *IOEngine, LLC*, 2019 WL 3943058, at *10 ("[T]he IPR proceeding may produce additional prosecution history that could assist the Court in addressing the issues of claim construction and validity.") Additionally, development of the record during IPR may encourage settlement between the parties without further involvement of the Court. *Neste Oil OYJ*, 2013 WL 335984, at *4; *see also id.* (itemizing other reasons IPR proceedings can simplify parallel district court litigation).

The Supreme Court's decision in *SAS* further favors the grant of pre-institution stays. In *SAS*, the Supreme Court held that once the Patent Office institutes IPR, it is statutorily required

to "address every claim" in the petition. *SAS Inst. v. Iancu*, 138 S. Ct. 1348, 1354 (2018). Previously, the Patent Office could decline to review particular grounds and/or challenged claims in an IPR petition. Now, the Patent Office must institute review on *all* challenged claims. Post-*SAS*, courts in this District have continued to grant pre-institution stays. *See, e.g.*, *CG Tech. Dev., LLC*, 2019 WL 4098002, at *1.

Because all asserted claims across all asserted patents are subject to pending IPR petitions, this factor weighs in favor of a stay.

### C. The Stage of the Case Favors a Stay

Fact discovery is ongoing and far from complete. Indeed, fact discovery is not scheduled to close until October 13, 2020, about six months from now. (*See* Scheduling Order, at 20 (D.I. 28).) To date, the parties have exchanged only limited written discovery (and no e-mail discovery), taken no fact or Rule 30(b)(6) depositions, and expert discovery has yet to begin. The Court only recently held a *Markman* hearing and has yet to issue a claim construction order. The first trial date in the related actions is set to take place on September 20, 2021.

If the Court stays this action now, fact witnesses would be spared from document and deposition discovery while the Patent Office decides whether to find the asserted claims unpatentable. The parties and the Court would also be saved from upcoming substantive work in this case, including briefing and/or deciding issues pertaining to claim construction, patent-ineligibility issues, validity and invalidity, discovery disputes, summary judgment motions, and more. *E.g., Murata Mach. USA v. Daifuku*, 830 F.3d 1357, 1362 (Fed. Cir. 2016) (stating the legislative history confirmed that Congress desired to enhance the role of the Patent Office and "limit the burden of litigation on courts and parties"); *MCM Portfolio v. Hewlett-Packard*, 812 F.3d 1284, 1291–92 (Fed. Cir. 2015) (IPRs designed as an "effective and efficient alternative to

often costly and protracted district court litigation"); *IOEngine LLC*, 2019 WL 3943058, at *3-4 (echoing *Murata*). Costly email discovery, including briefing potential discovery disputes, is also a considerable burden and expense that could be saved now, especially if the asserted claims are found invalid.

Given the stage of the case, a stay pending IPR is appropriate. *See, e.g., Princeton Digital Image Corp.*, 2014 WL 3819458, at *3-4, 6 (granting a pre-institution stay after some discovery, a motion to dismiss, a discovery dispute, and a *Markman* hearing). *See also IOEngine LLC*, 2019 WL 3943058, at *4-5 (stage of litigation favored a stay where the parties "produced over 100,000 pages of documents, conducted more than 110 hours of review of party source code, and served and responded to dozens of interrogatories, over 250 requests for production, and multiple requests for admission" but "the most burdensome stages of the cases–completing discovery, preparing expert reports, filing and responding to pretrial motions, preparing for trial, going through the trial process, and engaging in post-trial motions practice–all lie in the future."); *CallWave Commc'ns, LLC v. AT&T Mobility LLC*, No. CV 12-1701-RGA, 2015 WL 1284203, at *1 (D. Del. Mar. 18, 2015) (stage of litigation favored a stay where "[d]iscovery is more advanced than would be ideal, but … few depositions have been taken and expert discovery has not yet begun.").

### D. Sound View Would Suffer No Undue Prejudice or Clear Tactical Disadvantage from a Stay

Sound View cannot identify any actual undue prejudice or clear tactical disadvantage from a stay pending *inter partes* review. The Court weighs a variety of subfactors to determine whether undue prejudice or clear tactical disadvantage exists, "including the timing of the request for reexamination, the timing of the request for stay, the status of the reexamination proceedings, and the relationship of the parties." *Boston Sci. Corp. v. Cordis Corp.*, 777 F.

9

Supp.2d 783, 789 (D. Del. 2011). The mere potential for delay, standing alone, does not establish undue prejudice or clear tactical disadvantage. *Canatelo LLC*, 2014 WL 12774920, at *1 n.2. On balance, these subfactors weigh in favor of a stay pending the Patent Office's decision to institute IPR.

### 1. Relationship of the Parties

The parties are not direct competitors. Indeed, Sound View is a non-practicing patent assertion entity. *Princeton Digital Image Corp.*, 2014 WL 3819458, at *6 ("Plaintiff is a non-practicing entity . . . and will not suffer any loss of market share or erosion of goodwill due to a stay."); Ex. 8, *Order*, *Uniloc 2017 LLC v. Vudu, Inc.*, Civ. No. 19-183-CFC (D. Del. Mar. 26, 2020) (D.I. 72) ("Plaintiff is a non-practicing entity that does not compete with Vudu and thus any alleged harm it may suffer is purely monetary."). Three of the four patents-in-suit are expired, and Sound View only seeks monetary damages. Sound View's damages would thus be largely unaffected by any delay due to IPR proceedings. *See Princeton Digital Image Corp.*, 2014 WL 3819458, at *6 ("Plaintiff's damages, if any, are purely monetary and can be accommodated by the award of interest if it ultimately prevails."); *Huvepharma Food v. Associated British Foods*, *LLC*, 2019 WL 3802472, at *1 (D. Del. Aug. 13, 2019) ("[P]re-judgment interest generally appears to compensate for any delay in obtaining damages").

### 2. Timing of IPR Request

Defendants gained no unfair tactical advantage when timely filing its IPR petitions. Because the Patent Office now requires the PTAB to apply the same claim construction standard as this Court, *see* 37 C.F.R. § 42.100(b) (revised October 11, 2018), it was critical for Defendants to understand, to the greatest extent possible, the claim construction disputes and Sound View's positions on those issues and take those into account as part of its IPR petitions.

10

The timing of Defendants' IPR petitions thus provided no unfair tactical advantage or prejudice to Sound View.

### 3. Timing of Request for Stay

Sound View would suffer no undue prejudice, nor clear tactical disadvantage, from the timing of Defendants' request for a stay. Defendants sent a letter to Sound View shortly after filing the last of its IPR petitions seeking a stipulation to stay the case in the interests of judicial economy and to reduce the burden and costs to the parties and the Court. (Ex. 9, P. Morton Letter to Sound View Requesting Stay.) Sound View rejected Defendants' request via e-mail over a week later without providing its basis for doing so. (Ex. 10, Sound View Rejection E-Mail.) Defendants prepared the instant motion within days of receiving Sound View's rejection, and within weeks after filing its IPR petitions. Accordingly, this subfactor weighs in favor of a stay.

## V. CONCLUSION

Given the *inter partes* review petitions covering all asserted claims pending before the Patent Office, and the fact that the costliest and most burdensome work lies ahead, Defendants respectfully request that the Court stay this case pending *inter partes* review of the patents-in-suit by the Patent Office. Should the Court deem Defendants' request for stay premature, Defendants respectfully request denial *without prejudice* to permit Defendants the ability to renew its stay motion after institution of IPR proceedings. *See, e.g., Advanced Microscopy Inc. v. Carl Zeiss Microscopy, LLC*, No. CV 15-516-LPS-CJB, 2016 WL 558615, at *3 (D. Del. Feb. 11, 2016) (denial without prejudice of pre-institution stay); *NuVasive, Inc. v. Neurovision Med. Prods., Inc.*, No. CV 15-286-LPS-CJB, 2015 WL 3918866, at *3 (D. Del. June 23, 2015) (same); *McRo, Inc. v. Bethesda Softworks LLC*, No. CV 12-1509-LPS-CJB, 2014 WL 1711028, at *4 (D. Del. May 1, 2014) (same).

OF COUNSEL:

Michael Rhodes
Heidi L. Keefe
COOLEY LLP
3175 Hanover Street
Palo Alto, CA 94304-1130
(650) 843-5000
hkeefe@cooley.com
mrhodes@cooley.com

Phillip E. Morton
Emily E. Terrell
COOLEY LLP
1299 Pennsylvania Ave. NW, #700
Washington, D.C. 20004-2446
(202) 842-7800
pmorton@cooley.com
eterrell@cooley.com

Dustin M. Knight
COOLEY LLP
11951 Freedom Drive
One Freedom Square
Reston, VA  20190-5656
(703) 456-8000
dknight@cooley.com

May 6, 2020

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Lucinda C. Cucuzzella*
_____
Jack B. Blumenfeld (#1014)
Karen Jacobs (#2881)
Lucinda C. Cucuzzella (#3491)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
kjacobs@mnat.com
ccucuzzella@mnat.com

*Attorneys for Defendants Walmart Inc. and Vudu, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on May 6, 2020, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on May 6, 2020, upon the following in the manner indicated:

| | |
|---|---|
| John C. Phillips, Jr., Esquire<br>Megan C. Haney, Esquire<br>PHILLIPS, GOLDMAN, MCLAUGHLIN & HALL, P.A.<br>1200 North Broom Street<br>Wilmington, DE  19806-4204<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |
| Alan S. Kellman, Esquire<br>Richard M. Cowell, Esquire<br>Edward Geist, Esquire<br>Kathryn Bi, Esquire<br>Carson Olsheski, Esquire<br>Michael Ling, Esquire<br>Frederick Ding, Esquire<br>DESMARAIS LLP<br>230 Park Avenue<br>New York, NY  10169<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |

/s/ *Lucinda C. Cucuzzella*

Lucinda C. Cucuzzella (#3491)