**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| SOUND VIEW INNOVATIONS, LLC,<br><br>     Plaintiff,<br><br>    v.<br><br>WALMART INC. AND VUDU, INC.,<br><br>     Defendants. | Civil Action No. 1:19-cv-00660-CFC-CJB<br><br>**REDACTED - PUBLIC VERSION** |

**SOUND VIEW'S ANSWERING BRIEF IN OPPOSITION
TO DEFENDANTS' MOTION TO STAY PENDING *INTER PARTES* REVIEW**

*Of Counsel:*

DESMARAIS LLP
Alan S. Kellman
Richard M. Cowell
Edward Geist
Carson Olsheski
Frederick J. Ding
230 Park Avenue
New York, NY 10169
Telephone: (212) 351-3400
Facsimile: (212) 351-3401
akellman@desmaraisllp.com
rcowell@desmaraisllp.com
egeist@desmaraisllp.com
colsheski@desmaraisllp.com
fding@desmaraisllp.com

PHILLIPS, MCLAUGHLIN & HALL, P.A.
John C. Phillips, Jr. (No. 110)
Megan C. Haney (No. 5016)
120 North Broom Street
Wilmington, Delaware 19806
Telephone:  (302) 655-4200
Facsimile:  (302) 655-4210
jcp@pmhdelaw.com
mch@pmhdelaw.com

*Attorneys for Plaintiff
Sound View Innovations, LLC*

# **TABLE OF CONTENTS**

**Page**

I. NATURE AND STAGE OF PROCEEDINGS ..................................................................1

II. SUMMARY OF THE ARGUMENT ................................................................................1

III. ARGUMENT......................................................................................................................3

    A. Sound View Would Suffer Clear Tactical Disadvantage and Undue Prejudice from a Stay........................................................................................3

    B. Any Alleged Simplification of the Issues Is Speculative.........................................6

    C. The Stage of the Case Further Weighs Against Granting a Stay ............................9

CONCLUSION................................................................................................................................12

# **TABLE OF AUTHORITIES**

**Pages**

**Cases**

*Advanced Microscopy Inc. v. Carl Zeiss Microscopy, LLC*,
    No. 1:15-cv-00516-LPS-CJB, 2016 WL 558615 (D. Del. Feb. 11, 2016) ..................... 3, 7

*Apple Inc. v. Fintiv, Inc.*,
    IPR2020-00019, 2020 WL 2126495 (P.T.A.B. Mar. 20, 2020) .............................. 4, 5, 11

*Apple Inc. v. Fintiv, Inc.*,
    IPR2020-00019, 2020 WL 2486683 (P.T.A.B. May 13, 2020) ...................................... 11

*Belden Techs. Inc. v. Superior Essex Commc'ns LP*,
    No. 1:08-cv-00063-SLR, 2010 WL 3522327 (D. Del. Sept. 2, 2010) ............................... 3

*Blue Spike LLC et al. v. DISH Network Corp. et al.*,
    No. 1:19-cv-00160-LPS-CJB, D.I. 22 (D. Del. Oct. 10, 2019) .................................... 6, 7

*CallWave Commc'ns, LLC v. AT&T Mobility LLC*,
    No. 1:12-cv-01701-RGA, 2015 WL 1284203 (D. Del. Mar. 18, 2015) .......................... 11

*Canatelo LLC v. Axis Commc'ns AB*,
    No. 1:13-cv-01227-GMS, 2014 WL 12774920 (D. Del. May 14, 2014) .......................... 7

*CG Tech. Dev., LLC v. William Hill U.S. Holdco, Inc.*,
    No. 1:18-cv-00533-RGA, 2019 WL 4098002 (D. Del. Aug. 29, 2019) ............................ 8

*Cisco Sys., Inc. v. Ramot at Tel Aviv Univ. Ltd.*,
    IPR2020-00122, 2020 WL 2511246 (P.T.A.B. May 15, 2020) ...................................... 11

*Copy Protection LLC v. Netflix, Inc.*,
    No. 1:14-cv-00365-LPS, 2015 WL 3799363 (D. Del. June 17, 2015) ............................ 10

*Google LLC v. Uniloc 2017 LLC*,
    IPR2020-00115, 2020 WL 1523248 (P.T.A.B. Mar. 27, 2020) ...................................... 11

*ImmerVision, Inc. v. LG Elecs. U.S.A., Inc.* et al.,
    No. 1:18-cv-01631-MN-CJB, D.I. 78 (D. Del. Feb. 10, 2020) ................................ 6, 9, 10

*Intellectual Ventures I LLC v. Toshiba Corp.*,
    No. 1:13-cv-00453-SLR-SRF, 2015 WL 3773779 (D. Del. May 15, 2015) ...................... 5

*IOENGINE, LLC v. PayPal Holdings, Inc.*,
    No. 1:18-cv-00452-WCB, 2019 WL 3943058 (D. Del. Aug. 21, 2019) ...................... 9, 11

# TABLE OF AUTHORITIES (cont'd)

**Pages**

*M2M Sols. LLC v. Amazon.com, Inc.*,
  No. 1:18-cv-01532-LPS, D.I. 27 (D. Del. Aug. 23, 2019) .................................................. 6

*Neste Oil OYJ v. Dynamic Fuels, LLC*,
  No. 1:12-cv-01744-GMS, 2013 WL 3353984 (D. Del. July 2, 2013) ........................ 7, 8, 9

*NHK Spring Co. v. Intri-Plex Techs., Inc.*,
  IPR2018-000752, 2018 WL 4373643 (P.T.A.B. Sept. 13, 2018) ................................. 2, 11

*Omega Flex, Inc. v. Ward Mfg., LLC*,
  No. 1:18-cv-01004-MN, D.I. 128 (Jan. 24, 2020) ............................................................ 6

*Princeton Digital Image Corp. v. Konami Digital Entm't Inc.*,
  No. 1:12-cv-01461-LPS-CJB, 2014 WL 3819458 (D. Del. Jan. 15, 2014) ................... 7, 11

*SAS Inst. v. Iancu*,
  138 S. Ct. 1348, 1354 (2018) ............................................................................................ 8

*SunPower Corp. v. PanelClaw, Inc.*,
  No. 1:12-cv-01633-GMS, 2014 WL 12774919 (D. Del. May 16, 2014). ......................... 7

*United Servs. Auto. Ass'n v. Wells Fargo Bank, N.A.*,
  No. 2:18-cv-00245-JRG, 2019 WL 325321 (E.D. Tex. Jan. 14, 2019) .............................. 5

*Universal Secure Registry, LLC v. Apple Inc.*,
  No. 1:17-cv-00585-CFC-SRF, 2018 WL 4486379 (D. Del. Sept. 19, 2018) ............... 6, 12

*VIZIO, Inc. v. Polaris PowerLED Techs., LLC*,
  IPR2020-00043, 2020 WL 2201818 (P.T.A.B. May 4, 2020) ......................................... 11

## Statutes

35 U.S.C. § 315(b) ................................................................................................................... 1

## I. NATURE AND STAGE OF PROCEEDINGS

Plaintiff Sound View Innovations, LLC ("Sound View") filed its Complaint (D.I. 1 ("Complaint")) in this case on April 9, 2019. The Complaint states claims for infringement of five patents.[1] Defendants moved to dismiss Sound View's claims with respect to four of those patents. (D.I. 10; D.I. 11.) The Court heard argument on December 17, 2019, and denied Defendants' motions in January and April 2020. (D.I. 70; D.I. 110.) While Defendants' Motion to Dismiss was pending, the Court entered a Scheduling Order (D.I. 28), and the parties proceeded with fact discovery and claim construction briefing. Defendants filed petitions for *inter partes* review ("IPR") of four patents-in-suit on April 9 and 10, 2020—on the second-to-last and last day of the statutory deadline.[2] The Court held a *Markman* hearing on April 15, 2020, and Defendants filed the instant Motion to Stay Pending *Inter Partes* Review (D.I. 119 ("Motion")) on May 6, 2020. The Court issued a Report and Recommendation on claim construction on May 15, 2020. (D.I. 124.)

## II. SUMMARY OF THE ARGUMENT

1. The Court should deny Defendants' request for a stay because any potential simplification of the issues in this case is speculative. The Patent Trial and Appeal Board ("PTAB") has not instituted review of any patent, and recent PTAB statistics indicate it is highly unlikely that the PTAB will institute IPR on all four patents, let alone cancel all claims. Indeed, two of the patents have already been challenged in IPR proceedings—each time with alleged prior

---

[1] The patents-in-suit are U.S. Patent Nos. 5,806,062 (the "'062 Patent"), 6,502,133 (the "'133 Patent"), 6,708,213 (the "'213 Patent"); 6,725,456 (the "'456 Patent"), and 7,426,715 (the "'715 Patent"). Sound View's claims against the '062 Patent are stayed pending a Federal Circuit appeal. (D.I. 62 at 10.)
[2] *See* 35 U.S.C. § 315(b). Defendants filed two of their petitions on April 9, 2020, and the others on April 10, 2020.

art not considered during the patents' prosecution—resulting in a denial of institution in one case, and a final written decision rejecting the Petitioner's unpatentability arguments in the other.

2. The Court also should deny Defendants' request for a stay because this case has already reached an advanced stage. The Scheduling Order issued nine months ago, fact discovery (including third-party discovery) is well under way, with substantial completion of document discovery already passed, and the Court has held a *Markman* hearing and issued its Report and Recommendation. An institution decision is not expected until the final week of fact discovery, and in the event institution is granted with respect to any of the patents, any final written decision with respect to that patent would not issue until October 2021—after trial in this case. (*See* D.I. 28.)

3. The Court should deny Defendants' request for a stay *with prejudice* because Defendants appear to have filed their motion primarily to gain a tactical advantage before the PTAB. PTAB precedent holds that the PTAB has discretion to deny institution of an IPR petition when parallel district court litigation has reached an advanced stage or, as here, will proceed to trial before any IPR is complete. (*See* D.I. 120 (Defs. Br.) at 2; *see also, e.g.*, *NHK Spring Co. v. Intri-Plex Techs., Inc.*, IPR2018-000752, 2018 WL 4373643, at *7–8 (P.T.A.B. Sept. 13, 2018)). Defendants' brief takes pains to explain that the PTAB is more likely to exercise its discretion in favor of institution if the District Court has stayed, or indicated that it might stay, the co-pending litigation. Given the clear case law disfavoring pre-institution stays of litigation pending IPR, Defendants' motion amounts to a request for an advisory opinion that this Court will grant a renewed motion to stay if Defendants' IPRs are ultimately instituted in order to bolster their chances of institution at the PTAB.

4. Sound View will suffer undue prejudice if this litigation is stayed. Defendants already delayed this litigation for nearly three years, dragging their feet through pre-suit negotiations without ever making an offer to license the patents-in-suit. And despite their deep familiarity with the patents-in-suit gained during those negotiations and the pendency of this action, Defendants waited a full year to file their IPR petitions. Additional delay in the adjudication of Sound View's claims will further prejudice Sound View's ability to license the patents-in-suit to others—particularly now that several of Sound View's patents have expired.

### III.   ARGUMENT

Courts in this district consider three factors when deciding a motion to stay: (1) whether granting the stay will simplify the issues for trial; (2) the status of the litigation, particularly whether discovery is complete and a trial date has been set; and (3) whether a stay would cause the non-movant to suffer undue prejudice from any delay, or allow the movant to gain a clear tactical advantage. *Advanced Microscopy Inc. v. Carl Zeiss Microscopy, LLC*, No. 1:15-cv-00516-LPS-CJB, 2016 WL 558615, at *1 (D. Del. Feb. 11, 2016). All three factors weigh heavily against a stay in this case.

### A.   Sound View Would Suffer Clear Tactical Disadvantage and Undue Prejudice from a Stay

As Defendants note in their opening brief, the timing of Defendants' request for IPR, and the timing of their request for a stay, are key factors in the "clear tactical disadvantage and undue prejudice" prong of the stay analysis. "A request for [PTAB review] made well after the onset of litigation followed by a subsequent request to stay may lead to an inference that the moving party is seeking an inappropriate tactical advantage." *Belden Techs. Inc. v. Superior Essex Commc'ns LP*, No. 1:08-cv-00063-SLR, 2010 WL 3522327, at *2 (D. Del. Sept. 2, 2010). Here, Defendants filed their IPR petitions on the penultimate and final day allowed by statute, after this case had

3

already proceeded through claim construction briefing, and well into fact and third-party discovery. Their decision to seek a pre-institution stay at this point—despite the clear case law denying such pre-institution stays in this district—is less consistent with a conscientious desire to preserve Court and party resources than with a strategic effort to gain an advantage at the PTAB.

Defendants admit the nature of the tactical advantage they seek from filing this motion. As their opening brief explains, "recent decisions from the [PTAB] consider whether the petitioner (here, Defendants) has sought a stay at the district court and whether the court has entered or may enter a stay as a factor when deciding whether to institute IPRs." (D.I. 120 at 2.) Defendants further quote a PTAB decision stating that, if parallel district court litigation has reached an advanced stage, the PTAB's considerations can include whether the district court has granted a motion to stay or "indicated to the parties that it will consider a renewed motion [to stay] or reconsider a motion to stay if a PTAB trial is instituted." (*Id.* (quoting *Apple Inc. v. Fintiv, Inc.*, IPR2020-00019, 2020 WL 2126495 (P.T.A.B. Mar. 20, 2020)).) In fact, all four of the Defendants' IPR petitions state that "Petitioner intends to request a stay of the [instant] litigation" in support of Defendants' arguments that the PTAB should not exercise its discretionary authority to deny institution.[3]

In light of the PTAB's considerations, defendants such as Walmart and Vudu will now routinely move for stay before institution, with the hope of benefitting at the PTAB *either* through a decision from this Court to grant their motion *or* to deny it without prejudice. Such tactics should not be rewarded. *See United Servs. Auto. Ass'n v. Wells Fargo Bank, N.A.*, No. 2:18-cv-00245-

---

[3] Ex. 9 at 2 (*Walmart Inc. v. Sound View Innovations, LLC*, IPR2020-00814, Paper 1 (P.T.A.B. Apr. 9, 2020); Ex. 10 at 2 (*Walmart Inc. v. Sound View Innovations, LLC*, IPR2020-00816, Paper 1 (P.T.A.B. Apr. 9, 2020); Ex. 11 at 2 (*Walmart Inc. v. Sound View Innovations, LLC*, IPR2020-00817, Paper 1 (P.T.A.B. Apr. 10, 2020); Ex. 12 at 2 (*Walmart Inc. v. Sound View Innovations, LLC*, IPR2020-00818, Paper 1 (P.T.A.B. Apr. 10, 2020)

JRG, 2019 WL 325321, at *2 (E.D. Tex. Jan. 14, 2019) (citing as support for ruling the need to discourage use of an Article III Court as a "tool to better posture [Defendants'] positions"). The PTAB decision on which Defendants rely discusses factors that the PTAB might consider in exercising its discretion to deny institution when district court litigation is likely to go to trial before the projected date of a final written decision from the PTAB.[4] *Apple*, 2020 WL 2126495, at *2–6. The PTAB's view is that if litigation is already stayed, or the record suggests such a stay might be granted at an advanced stage of litigation, that fact would weigh in favor of institution. *See id*. at *3–4. Read in context, the PTAB's statements do not suggest that a Petitioner should seek a *pre-institution* motion to stay in district court for the purpose of obtaining an advisory opinion on a potential *post-institution* motion to stay. Yet, that appears to be precisely what Defendants have done, and what granting Defendants' motion—or denying Defendants' motion with any indication that the Court would grant a later motion to stay—would encourage future litigants to do.

In addition to conferring such a tactical advantage upon Defendants, a stay would be unduly prejudicial to Sound View. As this District has recognized, patent licensing companies do suffer prejudice as a result of a stay, in part because pausing litigation diminishes their ability to license the patents-in-suit to others. *See Intellectual Ventures I LLC v. Toshiba Corp.*, No. 1:13-cv-00453-SLR-SRF, 2015 WL 3773779, at *2 (D. Del. May 15, 2015). If Sound View's claims against Walmart are stayed, other infringers will be less motivated to negotiate in good faith with Sound View, because there will be no near-term ruling adverse to their interests. That is *especially* true

---

[4] Such a situation exists here: this case is currently set for trial in mid-September 2021, but a final written decision from the PTAB on any patent-in-suit in the event any IPR is instituted would be due in October 2021.

5

now, when patents-in-suit have expired and Sound View's potential damages claims against such infringers are diminished every day.[5]

Because staying this litigation would give Walmart an unfair tactical advantage at the PTAB and further prejudice Sound View's ability to license its patent portfolio, the "tactical disadvantage and undue prejudice" prong of the stay analysis weighs against staying this litigation. The Court should exercise its discretion to deny Defendants' request for a stay *with prejudice* to discourage motions filed primarily to gain a tactical advantage before the PTAB rather than as good-faith efforts to simplify the issues in litigation.

### B. Any Alleged Simplification of the Issues Is Speculative

The weakness of Defendants' request is highlighted by district court precedent concerning pre-institution motions to stay. Courts in this District typically deny motions to stay where the IPRs at issue have not been instituted. *See, e.g.*, *M2M Sols. LLC v. Amazon.com, Inc.*, No. 1:18-cv-01532-LPS, D.I. 27 (D. Del. Aug. 23, 2019) (stating it is "typical protocol" to deny a motion to stay prior to institution) (Ex. 1).[6] Defendants point out a few familiar exceptions—*Neste Oil*, *Princeton Digital*, *Sun Power*, *Canatelo*—each of which dates to the early days of IPR proceedings, when roughly 87% of IPR petitions were instituted. (*See* D.I. 120 at 5 (Legal Standard

---

[5] Defendants cannot claim to be unfamiliar with such considerations. Defendants' argument that Sound View delayed filing of this lawsuit (D.I. 120 at 3) glosses over the fact that Sound View spent almost *three years* negotiating with Defendants prior to filing its complaint. (*See* D.I. 1 ("Complaint") ¶¶ 57–76 (detailing just some of Sound View's extensive efforts to license its portfolio to Defendants, including multiple all-day meetings).) When Walmart broke off those negotiations, refusing to make *any* offer for a license, Sound View filed suit. (*Id*.) Simply put, Walmart's gamesmanship, not Sound View's indiligence, was the cause of any pre-suit delay.

[6] *See also, e.g.*, *Blue Spike LLC et al. v. DISH Network Corp. et al.*, No. 1:19-cv-00160-LPS-CJB, D.I. 22 (Oct. 10, 2019) (Ex. 2); *Universal Secure Registry, LLC v. Apple Inc.*, No. 1:17-cv-00585-CFC-SRF, 2018 WL 4486379, at *2–3 (D. Del. Sept. 19, 2018); *ImmerVision, Inc. v. LG Elecs. U.S.A., Inc.* et al., No. 1:18-cv-01631-MN-CJB, D.I. 78 (D. Del. Feb. 10, 2020) (Ex. 3); *Omega Flex, Inc. v. Ward Mfg., LLC*, No. 1:18-cv-01004-MN, D.I. 128 (D. Del. Jan. 24, 2020) (Ex. 4).

section, citing cases).) In each of those cases, that high probability of institution was a decisive factor in the Court's analysis of the "simplification" prong of the stay analysis.[7]

Today, the situation is different. The PTAB now declines to institute almost half of all IPR petitions. (Ex. 5 at 6 (PTAB Trial Statistics: April 2020).) And even when the PTAB does institute IPR, claims survive nearly half of the time. (*See id.* at 10.) Institution on all patents and claims is far from a statistical likelihood, particularly in a multi-patent case. As the Court explained in *Blue Spike*, it does not make sense to grant a stay "in favor of the occurrence of an event . . . that has not happened and that has a statistically significant chance of never happening." *Blue Spike*, No. 1:19-cv-00160-LPS-CJB, D.I. 22 (Ex. 2); *see also Advanced Microscopy*, 2016 WL 558615, at *2 (distinguishing earlier IPR institution decisions, including *Neste Oil* and *Princeton Digital*, based in part on lower rates of institution by 2016).

Here, the odds are low that Defendants' IPRs will greatly simplify this case. Defendants have filed four IPR petitions, *none* of which has been instituted. Each of the challenged patents in this case involves separate technology, and different art is asserted against each—so, there is no reason to believe the PTAB's institution decision on one patent will affect its decision for another. Moreover, for certain patents-in-suit, the probability of institution and claim cancellation is lower than the norm. Two of the patents have already survived past challenges in IPR proceedings— each time with art not considered during prosecution. For the '213 Patent, the PTAB denied institution on the previous petition. (Ex. 6 at 26 (*Hulu, LLC v. Sound View Innovations, LLC*,

---

[7] *See Neste Oil OYJ v. Dynamic Fuels, LLC*, No. 1:12-cv-01744-GMS, 2013 WL 3353984, at *4 (D. Del. July 2, 2013) (relying on institution statistics as basis for finding that stay would likely simplify issues); *Princeton Digital Image Corp. v. Konami Digital Entm't Inc.*, No. 1:12-cv-01461-LPS-CJB, 2014 WL 3819458, at *3 (D. Del. Jan. 15, 2014) (citing "statistical likelihood" that review would be granted in one-patent case); *Canatelo LLC v. Axis Commc'ns AB*, No. 1:13-cv-01227-GMS, 2014 WL 12774920, at *1 n. 3 (D. Del. May 14, 2014) ("statistics indicate that it is very likely the PTAB will grant the IPR petitions").

IPR2018-01023, Paper 10 (P.T.A.B. Dec. 3, 2018)).)  For the '133 Patent, the PTAB reached a final written decision on the merits, finding the '133 Patent not unpatentable.  (Ex. 7, at 32–33 (*Hulu, LLC v. Sound View Innovations, LLC*, IPR2018-00582, Paper 34 (P.T.A.B. Aug. 5, 2019), *designated informative* (P.T.A.B. Precedential Opinion Panel Dec. 11, 2019)).).  Accordingly, there is a very low likelihood that the PTAB will institute IPR of all four patents, and a vanishingly small possibility that every challenged claim will be cancelled.[8]

Defendants argue that the Court should nevertheless grant a stay in light of the alleged strength of the prior art grounds in its petition pertaining to the '213 Patent.  The Court should disregard this argument.  Defendants have not presented a record upon which the Court can meaningfully assess the strength of their obviousness arguments based on five prior art references (and, in any case, have only addressed the '213 Patent).

Each of Defendants' other arguments about issue simplification is as speculative as their assertion that their IPR petitions "will likely" result in cancellation of some or all asserted claims. (D.I. 120 at 7.)  Defendants' motion lists a number of ways in which an IPR *might hypothetically* simplify litigation, citing a list of possibilities outlined Judge Sleet's 2013 decision in *Neste Oil*. *See* 2013 WL 3353984, at *4.  But they do not differentiate between this case and any other case— including the many cases in which courts have denied stays prior to institution.  Defendants do not explain how the Court in this case would particularly "benefit from the Patent Office's expertise";

---

[8] It is unclear why Defendants believe the decision in *SAS Inst. v. Iancu* changes this analysis.  138 S. Ct. 1348, 1354 (2018).  Defendants cite no evidence that *SAS Inst.* increased the likelihood of IPR institution.  Since that case, PTAB institution rates have continued to decline.  (Ex. 5 at 6.) And the decision Defendants cite for the proposition that "[p]ost-*SAS*, courts in this District have continued to grant pre-institution stays" involved a situation in which the Court granted a stay in the early stages of discovery, *after the PTAB instituted IPR* on three of the four patents in that case. *CG Tech. Dev., LLC v. William Hill U.S. Holdco, Inc.*, No. 1:18-cv-00533-RGA, 2019 WL 4098002, at *1 (D. Del. Aug. 29, 2019).

8

show how IPR would somehow reduce the length of this litigation where it would not have in those other cases; highlight any reason to believe this case is especially likely to settle during IPR; or explain why the IPR record cannot be developed in parallel with the district court litigation. (*See* D.I. 120 at 7 (listing factors).) And Defendants have not cited a single case in which a Court relied on these factors in the abstract.[9] By contrast, in *IOENGINE, LLC v. PayPal Holdings, Inc.*, which Defendants cite as support for considering such factors, the Court found a high likelihood of issue simplification because there was a special situation in that case: the PTAB *had already instituted IPR* of a patent that shared a common specification and claim terms with the other patents-in-suit. *See* 2019 WL 3943058, at *8–9 (D. Del. Aug. 21, 2019). Absent such a showing of "unique circumstances," the generic factors Defendants recite do not weigh in favor of a stay. *See ImmerVision*, No. 1:18-cv-01631-MN-CJB, D.I. 78 (Ex. 3). And as the court in *IOENGINE* acknowledged, "courts almost invariably deny requests for stays pending IPR proceedings when the stay requests are filed before the IPR is instituted, and a pre-institution request therefore would have been futile." 2019 WL 3943058, at *6.

Because the potential that IPR will simplify the issues in this case is speculative at best, and the likelihood of the "ultimate simplification" is remote, the "simplification of issues" factor disfavors a stay.

### C. The Stage of the Case Further Weighs Against Granting a Stay

As Defendants' citations to the PTAB opinions indicate, their petitions for IPR come too late. Discovery in this case is well under way. The parties briefed and argued—and the District Court rejected—motions to dismiss on four separate grounds. The Scheduling Order issued almost

---

[9] Indeed, in the *Neste Oil* case itself, Judge Sleet ultimately granted a stay because the PTAB's then-current statistics suggested that it would grant review—not because any of the possible benefits listed in his opinion favored a stay. 2013 WL 3353984, at *4.

9

nine months ago.  The deadline for substantial completion of document production has passed, and the parties are actively working through their respective discovery requests.  The parties have completed claim construction briefing, and the Court heard argument on that briefing over a month ago.  Indeed, the Court recently issued its Report and Recommendation on claim construction.  The parties have served at least nine third-party subpoenas, have negotiated and received third-party document productions, and are actively negotiating discovery with additional third parties.  Contrary to Defendants' contentions, the parties have also exchanged considerable written discovery—Sound View's interrogatory responses run more than 70 pages—and contrary to what Defendants argue, Sound View has made requests for email discovery. (Ex. 8 at 1, 5 (2020-04-03 Bi Ltr. to Terrell re Discovery).)  Walmart's production and discovery responses are admittedly less complete than Sound View's—but that cannot be counted in their favor.  Instead, that fact highlights another potential issue caused by entertaining Defendants' motion: incentivizing defendants to drag their feet during discovery to later claim the case has not sufficiently advanced.

At this point in litigation, the "stage of the case" factor does not favor a pre-institution stay.  For example, in *ImmerVision*, this Court found that the stage of the case factor did not favor a stay where the Scheduling Order had issued six months before, and the parties were "well into fact discovery."  No. 1:18-cv-01631-MN-CJB, D.I. 78 (Ex. 3).  Likewise, in *Copy Protection LLC v. Netflix, Inc.*, Judge Stark found that this factor did not favor a stay where "the parties ha[d] engaged in a substantial amount of discovery and [were] set to begin claim construction briefing shortly."  *See* 2015 WL 3799363, at *1 (D. Del. June 17, 2015).

The cases Defendants cite do not show that the mere filing of IPR petitions warrants halting advanced fact discovery mid-stride.  Discovery in this case is much further along than in *Princeton Digital*, in which "no party-initiated discovery ha[d] begun" and the bulk of *Markman* proceedings

10

lay ahead. *See* 2014 WL 3819458, at \*3–4 (explaining that the Court had held an early *Markman* limited to two terms). And in both *CallWave* and *IOENGINE*, the Court granted a stay *after the PTAB had already instituted IPR*. *CallWave Commc'ns, LLC v. AT&T Mobility LLC*, No. 1:12-cv-01701-RGA, 2015 WL 1284203, at \*1 (D. Del. Mar. 18, 2015); *IOENGINE*, 2019 WL 3943058, at \*1.

Rather, Defendants' citations to the PTAB show that the stage of the case further reduces the likelihood of institution here. *See Apple*, 2020 WL 2126495, at \*4 (finding that a "trial date [set] to occur earlier than the Board's deadline to issue a final written decision" supports denying institution); *see also Apple Inc. v. Fintiv, Inc.*, IPR2020-00019, 2020 WL 2486683, at \*5 (P.T.A.B. May 13, 2020) (denying institution and noting that although the district court trial had been postponed by several months, it was still scheduled to begin two months before the PTAB's deadline to reach a final decision, and therefore supported discretionary denial). As the PTAB has explained, instituting an IPR where a "district court proceeding will analyze the same issues and will be resolved before any trial on the Petition concludes" would be inconsistent with the AIA's objective "to provide an effective and efficient alternative to district court litigation." *NHK Spring*, 2018 WL 4373643, at \*7. And recently, the PTAB has applied that reasoning to deny late-filed petitions such as Defendants' here, which due to Defendants' delay would only result in a final written decision after the district court trial. *See, e.g.*, *id.*; *Cisco Sys., Inc. v. Ramot at Tel Aviv Univ. Ltd.*, IPR2020-00122, 2020 WL 2511246, at \*3 (P.T.A.B. May 15, 2020); *VIZIO, Inc. v. Polaris PowerLED Techs., LLC*, IPR2020-00043, 2020 WL 2201818, at \*3 (P.T.A.B. May 4, 2020); *Google LLC v. Uniloc 2017 LLC*, IPR2020-00115, 2020 WL 1523248, at \*3 (P.T.A.B. Mar. 27, 2020).

A stay at this juncture would waste the momentum the parties have gained in their discovery efforts and, in all likelihood, force the Court, the parties, and many third parties to suffer the inefficiencies associated with having to resume their efforts several months down the line. *Cf. Universal Secure Registry*, 2018 WL 4486379, at *3. Thus, the "stage of the case" factor does not favor a stay either.

## CONCLUSION

Because all three of the stay factors disfavor a pre-institution stay of this case, Sound View respectfully requests that this Court DENY Defendants' Motion to Stay Pending *Inter Partes* Review WITH PREJUDICE.

Dated: May 20, 2020  By:  /s/ *Megan C. Haney*
PHILLIPS, MCLAUGHLIN & HALL, P.A.
John C. Phillips, Jr. (No. 110)
Megan C. Haney (No. 5016)
120 North Broom Street
Wilmington, Delaware 19806
Telephone: (302) 655-4200
jcp@pmhdelaw.com
mch@pmhdelaw.com

*Of Counsel:*

DESMARAIS LLP
Alan S. Kellman
Richard M. Cowell
Edward Geist
Carson Olsheski
Frederick J. Ding
230 Park Avenue
New York, NY 10169
Telephone: (212) 351-3400
akellman@desmaraisllp.com
rcowell@desmaraisllp.com
egeist@desmaraisllp.com
colsheski@desmaraisllp.com
fding@desmaraisllp.com

*Attorneys for Plaintiff*
*Sound View Innovations, LLC*

**CERTIFICATE OF SERVICE**

   I, Megan C. Haney, hereby certify that on May 20, 2020, a copy of Sound View's Answering Brief in Opposition to Defendants' Motion to Stay Pending *Inter Partes* Review was served on the following in the manner indicated below:

**VIA EMAIL**

Karen Jacobs
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
Wilmington, DE 19899
kjacobs@mnat.com

Heidi L. Keefe
Mark R. Weinstein
Cooley LLP
3175 Hanover Street
Palo Alto, CA 94304
hkeefe@cooley.com
mweinstein@cooley.com

Michael Rhodes
Cooley LLP
101 California Street, 5th Floor
San Francisco, CA 94111
rhodesmg@cooley.com

Phillip Morton
Emily Terrell
Cooley LLP
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004
pmorton@cooley.com
eterrell@cooley.com

Dustin Knight
Cooley LLP
Reston Tower Center
11951 Freedom Drive, 14th Floor
Reston, VA 20190
dknight@cooley.com

                   /s/ *Megan C. Haney*
                   Megan C. Haney (#5016)