IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SOUND VIEW INNOVATIONS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 19-660 (CFC) (CJB) |
| | ) | |
| WALMART INC. and VUDU, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF
THEIR MOTION TO STAY PENDING *INTER PARTES* REVIEW**

OF COUNSEL:

Michael Rhodes
Heidi L. Keefe
COOLEY LLP
3175 Hanover Street
Palo Alto, CA  94304-1130
(650) 843-5001

Phillip E. Morton
Emily E. Terrell
COOLEY LLP
1299 Pennsylvania Avenue, NW
Suite 700
Washington, DC  20004-2400
(202) 728-7055

Dustin Knight
COOLEY LLP
Reston Town Center
11951 Freedom Drive, 14th Floor
Reston, VA  20190-5640
(703) 456-8024

May 27, 2020

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Karen Jacobs (#2881)
Lucinda C. Cucuzzella (#3491)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
kjacobs@mnat.com
ccucuzzella@mnat.com

*Attorneys for Defendants Walmart Inc.
and Vudu, Inc.*

## TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ................................................................................1

II.   ARGUMENT.....................................................................................1

     A.    Sound View's Patents Now Face Even More Challenges at the Patent Office and Another Motion to Stay. ...........................................1

     B.    Sound View Would Not Be Unduly Prejudiced and Walmart Would Not Gain a Clear Tactical Advantage By a Stay...................................2

     C.    The Issues in This Case Will Likely Be Simplified By The Outcome of the IPR Proceedings...........................................................................5

     D.    The Stage of the Case Weighs in Favor Of A Stay.....................................7

III.   CONCLUSION................................................................................9

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Apple Inc. v. Fintiv, Inc.*, IPR2020-00019, Paper No. 11 (P.T.A.B. March 20, 2020)
(designated precedential on May 5, 2020)……………………...………………………4

*Belden Techs. Inc. v. Superior Essex Comms. LP*,
No. CIV. 08-cv-00063-SLR, 2010 WL 3522327 (D. Del. Sept. 2, 2010.)..........................3, 4

*CG Tech. Dev., LLC v. William Hill U.S Holdco, Inc.*,
No. 18-cv-533-RGA, 2019 WL 4098002 (D. Del. Aug. 29, 2019)..........................................2

*Ingenico Inc. v. IOENGINE, LLC*,
No. IPR2019-00879, 2019 WL 4727572 (PTAB Sept. 26, 2019)............................................5

*IOENGINE, LLC v. PayPal Holdings, Inc.*,
No. CV 18-452-WCB, 2019 WL 3943058 (D. Del. Aug. 21, 2019)....................................3, 7

*PersonalWeb Techs., LLC v. Apple Inc.*,
69 F. Supp. 3d 1022 (N.D. Cal. 2014) .....................................................................................2

*Pragmatus AV v. Facebook, Inc.*,
No. 11-cv-02168 EJD, 2011 WL 4802958 (N.D. Cal. Oct. 11, 2011) .....................................2

*RetailMeNot, Inc. v. Honey Sci. LLC*,
No. 18-cv-937-CFC-MPT, 2020 WL 373341 (D. Del. Jan. 23, 2020).....................................4

*Walker Dig., LLC v. Google, Inc.*,
No. 11-309-SLR, 2013 U.S. Dist. LEXIS 52176 (D. Del. Apr. 11, 2013) ...............................2

**Other Authorities**

37 C.F.R. §§ 42.107(b), 42.207(b)...............................................................................................3

I.      INTRODUCTION

Sound View will not face any tactical disadvantage if this Court stays the case while we wait for PTAB's institution decisions on Sound View's expired patents, which are expected by mid-October 2020. This case is still early in the proceedings, with the vast majority of discovery yet to be commenced. Simplification will occur whether through narrowing of claims or art. In addition, other defendants have filed additional IPR petitions, increasing the likelihood of institution. Finally, as recently highlighted by a court in California, the unique circumstances of the current state of the federal courts' operations also favor a stay.

II.     ARGUMENT

A.      Sound View's Patents Now Face Even More Challenges at the Patent Office and Another Motion to Stay.

Since Walmart and Vudu (collectively, Walmart) filed their Motion to Stay, other defendants have filed two additional petitions that challenge all of the asserted claims of the '456 and '213 patents based on different grounds of unpatentability:

| Date | IPR Number[1] | Patent | Claims | Petitioner |
|------|------------|--------|--------|------------|
| May 15, 2020 | IPR2020-00924 | 6,725,456 | 13, 17 | Cigna |
| May 21, 2020 | IPR2020-00969 | 6,708,213 | 1, 7, 8, 9, 13, 16 | Dish Network and Sling |

Combined with Walmart's pending petitions, there are currently *six* petitions challenging all of the asserted claims of the four asserted patents.[2]

Given the number of challenges and issues raised by the various defendants in multiple district courts, this case presents unique circumstances warranting a stay to preserve resources

---

[1]      The petitions for IPR2020-00924 and -00969 are attached as Exhibits 11 and 12.

[2]      In addition, there is a pending IPR proceeding challenging the '062 patent. *Hulu, LLC v. Sound View Innovations, LLC*, Case No. IPR2018-01039. Proceedings on the '062 patent have been stayed in this Court in view of the invalidation of the patent by the Central District of California court on Section 101 grounds. (D.I. 70 at 2.)

and prevent inconsistent outcomes.  All of the current Delaware defendants agree that the case should be stayed pending IPR.  Indeed, after Walmart filed its opening brief, Cigna filed its own motion to stay pending IPR on May 22, 2020.  (C.A. No. 19- 964, D.I. 123.)

**B.     Sound View Would Not Be Unduly Prejudiced and Walmart Would Not Gain a Clear Tactical Advantage By a Stay**

Sound View alleges that its licensing activities for its largely expired patents would be adversely impacted by a stay.  But "courts have consistently found that a patent licensor cannot be prejudiced by a stay because monetary damages provide adequate redress for infringement." *PersonalWeb Techs., LLC v. Apple Inc.*, 69 F. Supp. 3d 1022, 1029 (N.D. Cal. 2014) (*quoting Pragmatus AV v. Facebook, Inc.*, No. 11-cv-02168 EJD, 2011 WL 4802958 at *4 (N.D. Cal. Oct. 11, 2011)); *see also CG Tech. Dev., LLC v. William Hill U.S Holdco, Inc.*, No. 18-cv-533-RGA, 2019 WL 4098002 (D. Del. Aug. 29, 2019) (alleged prejudice of loss in value of the asserted patents not "undue" where plaintiff is not a competitor and only seeks monetary damages); *Walker Dig., LLC v. Google, Inc.*, No. 11-309-SLR, 2013 U.S. Dist. LEXIS 52176, at *7 (D. Del. Apr. 11, 2013) (concluding that "because [the plaintiff] is a non-practicing entity, any prejudice that may result from a stay can be remedied by monetary damages.").

But even if licensing activities were relevant, which they are not, Sound View also provides no evidence of any alleged prejudice.  Sound View claims that it cannot pause its litigation for a few months because its other numerous licensing targets "will be less motivated to negotiate … because there will be no near-term ruling adverse to their interests." (D.I. 127. at 5.)  What is more likely is that Sound View's licensing targets "may be less motivated to negotiate" because of the pervasive invalidity issues raised in the six pending IPRs, not a stay of

litigation.[3]  (*Id.*).  *See IOENGINE, LLC v. PayPal Holdings, Inc.*, No. CV 18-452-WCB, 2019 WL 3943058, at *7 (D. Del. Aug. 21, 2019) (finding "there is little force to IOENGINE's argument that even though it does not compete with Ingenico or PayPal, a stay will interfere with its ability to license its patents.  To the extent that the uncertainty caused by the pendency of the IPR proceeding is an impediment to licensing, that uncertainty would be present whether the stay is granted or not.").  A stay of the current litigation does not add any additional time to the pendency of the IPRs, which will run through the normal course of the statutory timeframe for institution, and resolution.  Indeed, if Sound View were concerned about the effect of the PTAB proceedings on its licensing program, Sound View has the ability to expedite resolution of the institution decisions.  *See* PTAB November 2019 Trial Practice Guide at 52[4] ("Where a patent owner seeks to expedite the proceeding, the patent owner may file an election to waive the patent owner preliminary response. 37 C.F.R. §§ 42.107(b), 42.207(b).  No adverse inference will be taken by such an election.").  Tellingly, Sound View has not done so.

Nor would Walmart gain any unfair tactical advantage by a stay.  Walmart believes strongly the asserted patents are invalid, as do other defendants that have recently filed their own invalidity challenges.  If the PTAB institutes IPRs on the asserted patents, all of the parties and the Court will be spared the unnecessary expenditure of resources on discovery related activities over the next several months.  In the unlikely event the PTAB does not institute any of the IPRs, the case can proceed with discovery after this short pause.

---

[3]    And to the extent Sound View claims any harm to licensing activities due to the IPRs, it is belied by the fact that Sound View resolved five pending cases in this Court *after* Walmart filed its IPR petitions.  (*See, e.g.*, C.A. No. 19-145 (CFC) (CJB) (D.I. 135) (April 20, 2020), C.A. No. 19-146 (CFC) (CJB) (D.I. 134) (April 13, 2020), C.A. No. 19-147 (CFC) (CJB) (D.I. 126) (April 14, 2020), C.A. No. 19-193 (CFC) (CJB) (D.I. 128) (April 15, 2020), C.A. No. 19-194 (CFC) (CJB) (D.I. 130) (April 14, 2020)).
[4]    https://www.uspto.gov/sites/default/files/documents/tpgnov.pdf?MURL=

Sound View's sole case in support of its tactical advantage argument, *Belden Techs.*, has no relevance to the stay requested here.   In *Belden*, unlike here, the defendant made an oral motion for a stay a mere few weeks before trial, immediately after the Court had ruled on summary judgment motions.  *Belden Techs. Inc. v. Superior Essex Comms. LP*, No. CIV. 08-cv-00063-SLR, 2010 WL 3522327 at *2 (D. Del. Sept. 2, 2010.)  Moreover, the defendant in *Belden* did not inform the Court about the rejection of the asserted claims for several months after the patent office's findings.   *Id.*  ("[Defendant] has known about the ACPs in the inter partes reexaminations and the rejection in the *ex parte* examination of the 491 patent for several months.  Yet it has chosen to reveal its desire to stay litigation only after the issuance of the memorandum opinion, a mere eleven days before trial.").   Those are not the facts in this case. To the contrary, Walmart diligently filed the *inter partes* review petitions after receiving Sound View's infringement contentions and gaining an understanding of Sound View's proposed claim constructions, all of which were taken into account in the petitions.   Then Walmart promptly filed its motion after Sound View refused to stipulate to a stay.

Sound View next argues that Walmart somehow gains a tactical advantage by following the PTAB's guidance in *Fintiv*, but the case provides further support for staying this case now. The PTAB made clear in *Fintiv* that the Court's willingness "to avoid duplicative efforts and await the PTAB's final resolution of the patentability issues raised in the petition before proceeding with the parallel litigation" may significantly impact whether the PTAB exercises its discretion to institute the pending IPR petitions.   *Apple Inc. v. Fintiv, Inc.*, IPR2020-00019, Paper No. 11 at 6-7 (P.T.A.B. March 20, 2020) (designated precedential on May 5, 2020) (Morton Decl Ex. 1).   Indeed, *Fintiv* was deemed precedential for all PTAB panels the day before this motion was filed.   Already, in this District, Judge Thynge recently echoed the

PTAB's views when granting a pre-institution motion to stay.[5]  *See RetailMeNot, Inc. v. Honey Sci. LLC*, No. 18-cv-937-CFC-MPT, 2020 WL 373341, at * 5 (D. Del. Jan. 23, 2020) (granting pre-institution stay in part because "if [the stay was] granted, the PTAB is more likely to institute review.") (citing *Ingenico Inc. v. IOENGINE, LLC,* No. IPR2019-00879, 2019 WL 4727572, at *5 (PTAB Sept. 26, 2019) (stating "in view of the stay of the district court proceedings, we do not discern that significant inefficiencies would result from proceeding with this inter partes review")).  Because this Court's action on this motion could significantly impact the outcome of the institution decisions, Walmart respectfully requests that the Court either stay this case, or at a minimum, deny the motion to stay without prejudice.

## C.     The Issues in This Case Will Likely Be Simplified By The Outcome of the IPR Proceedings

Sound View's claim that the case will not be simplified by the pending IPR petitions is premised on fundamental misunderstandings of the PTAB's statistics about IPR outcomes.  First, it is not correct that the "PTAB declines to institute almost half of all IPR petitions."  (D.I. 127 at 7.)  According to the PTAB statistics Sound View cites, over the past nearly eight years institution was denied in only 27% of IPR petitions.  Sound View. Ex. 5 (D.I. 127-5) at 10 (denying institution in only 3135 out of 11401 petitions).  As illustrated in the figure below, the vast majority of IPR petitions are either instituted (5946 out of 11401 petitions) or settled (1489 pre-institution decision, and 1241 post-institution).  *Id.*

---

[5]      Sound View identifies no basis for seeking a denial with prejudice.



While institution rates have trended slightly lower over the past few years, over the last three full fiscal years the PTAB has still instituted on average about 62% of all IPR petitions.  *Id.* at 6.

Second, Sound View's assertion that "claims survive nearly half of the time" is, at best, misleading, as Sound View appears to be counting settlements and other non-merits actions in its figures.  As shown in the figure above, when IPRs reach final written decisions, 80% of the time at least some claims are found unpatentable and 62% of the time *all* claims are found unpatentable.  *Id.* at 10.

Beyond the mischaracterization of PTAB statistics, Sound View presents no persuasive argument for its assertion that a stay would not simplify the issues.  Sound View argues that because Hulu, an unrelated party that Sound View sued three years ago in California, challenged two of the patents based on different prior art, Walmart's IPRs are not likely to be instituted. (D.I. 127 at 7-8.)  Quite to the contrary, the art on which Walmart relies does not have the deficiencies cited by the PTAB, making it more likely that Walmart's IPRs will be instituted. Moreover, the PTAB routinely institutes later-filed IPRs where the patent owner's litigation

conduct directly necessitated the filing of multiple IPR petitions on the same patent.  *See, e.g.,*
*Alphatec Holdings, Inc. v. Nuvasive, Inc.*, IPR2019-00361 (Paper 19) at 10 (P.T.A.B. July 9,
2019) (Exhibit 13) ("Patent Owner's complaint about the multiple inter partes review petitions
filed against the '334 patent is not persuasive when the respective filings appear to be a direct
result of its own litigation activity.")  Indeed, Sound View tellingly does not identify any
deficiencies in any of the IPRs that would make institution less likely.

Walmart's explanation of how a stay would simplify the issues is far from "hypothetical."
(D.I. 127 at 8-9.)  Indeed, Sound View does not dispute the proposition that if all of the claims
were found unpatentable, the case would be dismissed.  (D.I. 120 at 7.)  Nor does Sound View
dispute that the intrinsic record developed during the IPRs will inform issues pertinent to this
litigation.  *IOENGINE*, 2019 WL 3943058, at *10 ("[T]he IPR proceeding may produce
additional prosecution history that could assist the Court in addressing the issues of claim
construction and validity.").  Sound View also does not justify why it would make sense for the
Court and the parties to spend time and efforts to act on parallel tracks developing both the IPR
and district court records, potentially causing inconsistencies and redundancy.  Sound View's
assertion that there is no reason to believe this case is likely to settle during IPR is again belied
by Sound View's own statistics.  Nearly 1 in 4 of all IPRs, or 24%, settle.  *See* Morton Decl. Ex.
5 at 10.

## D.  The Stage of the Case Weighs in Favor Of A Stay

The vast majority of the work in this case for the Court and the parties remains, which
weighs strongly in favor of a stay.   Discovery in this case is in its relative infancy, with no
depositions having yet taken place.  (D.I. 120 at 8-9.)  *See, e.g.*, *IOENGINE*, 2019 WL 3943058,
at *4-5 (stage of litigation favored a stay where the parties "produced over 100,000 pages of

7

documents, conducted more than 110 hours of review of party source code, and served and responded to dozens of interrogatories, over 250 requests for production, and multiple requests for admission"). Indeed, in this case "the most burdensome stages of the cases–completing discovery, preparing expert reports, filing and responding to pretrial motions, preparing for trial, going through the trial process, and engaging in post-trial motions practice–all lie in the future." *Id.* A pause of the litigation now would save the Court and the parties the burdens of addressing all of these issues until the PTAB rules.

Furthermore, if the case is not stayed, the Court would also eventually need to address all of the Defendants' Section 101 challenges to the patents, which the Court specifically reserved for a later date. (D.I. 110.) If the case is stayed and the patents are found unpatentable, the Court may never need to address the Section 101 issues.

Consistent with the approach of many courts across the country, the Central District of California recently issued a stay pending IPR, recognizing that the current COVID-19 pandemic justifies a stay pending IPR because of the uncertainty about the court's resumption of regular operations and because when operations do resume, criminal matters will take priority over patent cases. *See DivX, LLC v. Netflix, Inc.*, Case No. 2:19-cv-01602, D.I. 106 at 5 (C.D. Cal. May 11, 2020) (Exhibit 14) ("The coronavirus pandemic is also a relevant consideration under this factor. . . . It is likely that if these cases were to proceed on their current schedule, hearings and trial would be subject to delays, particularly because criminal matters will take priority over these patent infringement actions."). Indeed, *DivX* is instructive because the timing of the complaint and filing of most of the IPRs in *DivX* are similar to the timing of the same activities in this case. The *DivX* court granted the stay pending IPR even though (1) only one of seven IPR petitions had been instituted (with the decisions on the remainder expected to come3-4 months

later) and (2) the defendants did not even challenge all of the asserted claims and patents. *Id.* at 2-3. Here, while none of the IPR proceedings has been instituted yet, every single asserted claim is challenged in one or more IPR petitions, further weighing in favor of a stay.

## III.   CONCLUSION

Given the six *inter partes* review petitions filed by three parties in two districts covering all asserted claims pending before the Patent Office, and the fact that the costliest and most burdensome work lies ahead, Walmart respectfully requests that the Court stay this case pending *inter partes* review of the patents-in-suit by the Patent Office. Should the Court deem Defendants' request for stay premature, Defendants respectfully request denial *without prejudice* to permit Defendants the ability to renew its stay motion after institution of the IPR petitions.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Lucinda C. Cucuzzella*

_____

OF COUNSEL:

Michael Rhodes
Heidi L. Keefe
COOLEY LLP
3175 Hanover Street
Palo Alto, CA 94304-1130
(650) 843-5000
hkeefe@cooley.com
mrhodes@cooley.com

Phillip E. Morton
Emily E. Terrell
COOLEY LLP
1299 Pennsylvania Ave. NW, #700
Washington, D.C. 20004-2446
(202) 842-7800
pmorton@cooley.com
eterrell@cooley.com

Dustin M. Knight
COOLEY LLP
11951 Freedom Drive
One Freedom Square
Reston, VA  20190-5656
(703) 456-8000
dknight@cooley.com

Jack B. Blumenfeld (#1014)
Karen Jacobs (#2881)
Lucinda C. Cucuzzella (#3491)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
kjacobs@mnat.com
ccucuzzella@mnat.com

*Attorneys for Defendants Walmart Inc. and Vudu, Inc.*

May 27, 2020

10

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 27, 2020, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on May 27, 2020, upon the following in the manner indicated:

John C. Phillips, Jr., Esquire                                    *VIA ELECTRONIC MAIL*
Megan C. Haney, Esquire
PHILLIPS, GOLDMAN, MCLAUGHLIN & HALL, P.A.
1200 North Broom Street
Wilmington, DE  19806-4204
*Attorneys for Plaintiff*

Alan S. Kellman, Esquire                                         *VIA ELECTRONIC MAIL*
Richard M. Cowell, Esquire
Edward Geist, Esquire
Kathryn Bi, Esquire
Carson Olsheski, Esquire
Michael Ling, Esquire
Frederick Ding, Esquire
DESMARAIS LLP
230 Park Avenue
New York, NY  10169
*Attorneys for Plaintiff*

*/s/ Lucinda C. Cucuzzella*
_____
Lucinda C. Cucuzzella (#3491)